CHEHARDY, Judge.
This is an appeal under the Louisiana Workmen’s Compensation law by defendant-appellant, Amstar Corporation, from a judgment awarding plaintiff-appellee, James Paul Wood, total permanent disability payments of $95 per seek for the period of his disability; legal interest; costs of these proceedings; future medical, surgical and hospital expenses; $6,189.85 for Methodist Hospital’s medical bill; certain expert fees; and $304 for Dr. Michael Finn’s bill.
Plaintiff-appellee, James Paul Wood, filed his suit for workmen’s compensation on October 19, 1977, alleging that on May 16, 1977 he suffered a serious heart attack, the sole and proximate cause of which was his employment at Amstar. It was stipulated between plaintiff and defendant that if plaintiff would be entitled to compensation, it would be the maximum of $95 per week.
The record establishes that plaintiff was a laboratory analyst, whose job required him to climb ladders over and into large storage tanks to get sugar samples, to lift and carry heavy samples, and in the performance of his duties he would stand on his feet half of the time. Plaintiff testified that it was part of his job periodically to lift weight samples of two, ten, twenty and up to fifty pounds; that his last heavy assignment required him to “carry some two hundred pounds and fifty pounds from the ninth floor to the second floor and this went on for approximately two weeks.”
On May 16, 1977, plaintiff, who testified that he felt fine before reporting to work, parked his car and walked up the twenty-five steps, as was his custom, to the laboratory, where he started feeling dizzy. Shortly thereafter, a little after 4 p. m., he began to feel out of breath, started to perspire very heavily and began having blurry vision. Within a short time he could not see, was sweating profusely and getting weaker and weaker. Plaintiff then left the office and further testified:
“ * * * As I left I was getting weaker and weaker and I was holding on the handrail down the steps. I came up on, I was resting and stopping in between. I didn’t have any help. The entire time then I got to the front gate and the guard there, Richard Ford, must have realized something was wrong and he told me to sit down and he pulled out some type of stool and I sat down and I got up and I said I needed help and I am going to see if the nurse is here. * * ”
Plaintiff, not finding a nurse, returned to the gate to await his wife who came and took him to Methodist Hospital. His wife testified that from May 16, 1977 “up to the 24th he was drugged and never was himself.”
The medical testimony establishes that plaintiff suffered an attack of angina pec-toris on May 16, 1977 and a heart attack, or myocardial infarction, on May 24, 1977. The medical testimony indicates that the attack on May 16 was angina pectoris, a painful warning of a possible myocardial infarction, or heart attack, which plaintiff did finally suffer on May 24, 1977.
Sometime between May 21 and May 23 plaintiff received a letter on stationery of Amstar Corporation, dated May 19, 1977, which, in addition to asking for information from plaintiff and his physician, stated:
“Dear James Wood,
According to our records, you will be absent more than five (5) working days if you do not report for work on or before _and in accordance with the Labor Agreement, you shall be deemed to have voluntarily quit if you do not have the permission of your Foreman or the Personnel Office to be absent or do not have a satisfactory explanation for your absences. If you are absent due to illness or injury, the information requested in Section A and B of this form must be presented to the Personal Office before *737 you can be considered for reinstatement to work.
To help you protect your seniority rights and comply with the provisions of the Absentee Policy, this form is being sent to make it convenient for you and your physician to furnish the necessary information which is required. Please complete Section A and have your physician complete Section B as follows:
If you are not'able to report for work on or before the date in the first paragraph above, please complete 1 and 2 of Section A and have your physician complete 1 and 2 of Section B. Please mail the form to the Personnel Office, and another form will be sent to you.
When you are able to return to work, you must complete 1 and 3 of Section A and have your physician complete 1 and 3 of Section B. Bring the form with you when you report to the Refinery for reinstatement and examination by the Plant Physician.
Very truly yours,
[Signed] C. E. Gram, Jr.
C. E. Gram, Jr., Personnel Manager”
Dr. Michael C. Finn testified that receipt of a letter construed as a threat to job security and resultant emotional stress could cause plaintiff to go into an infarction.
The court made a factual finding based on medical and lay evidence that there was an accident under the Louisiana Workmen’s Compensation Act; that there is a disability; and that there is a causal connection between the accident and plaintiff’s disability. We do not find that manifest error necessary for us to disturb the trial court’s factual finding. See Canter v. Koehring Company, 283 So.2d 716 (La.1973).
For the reasons assigned the judgment appealed from is affirmed.

Affirmed.